JUSTICE WARNER
concurring.
¶23 I agree with the Court’s determination of the standards of review in this case, as well as with the Court’s analysis that the rational basis level of scrutiny must be applied to Farrier’s constitutional challenge.
¶24 I also concur with the Court’s decision that §19-21-202, MCA, and Rule 2.44.305, ARM, do not, under these circumstances, violate Farrier’s right to equal protection under the Montana Constitution.
¶25 In my view, the determination whether TRS and ORP are completely separate entities, or are connected together and dependant on each other, is the seminal, and dispositive, issue in this case. If the two retirement systems are separate there is no rational basis for treating Farrier, a former member of TRS, differently from a former member of any other separate state retirement system by denying him, and those teachers similarly situated, the benefits they have earned. However, as TRS and ORP are still connected, there is a rational basis for not allowing Farrier to draw his TRS benefits while working for the University System and contributing to ORP.
¶26 As noted by this Court, the District Court considered this case on two occasions. On the first occasion, Judge McCarter determined that ‘Farrier worked for two separate employers, at two separate jobs, and *383 participated in two separate and distinct retirement plans.” On the second occasion, Judge Sherlock adopted Judge McCarter’s reasoning that TRS and ORP were two separate and distinct retirement plans, resulting in an equal protection violation. Judge McCarter missed the mark, and Judge Sherlock followed suit. The two retirement plans are not separate and distinct.
¶27 The Court reaches the conclusion that TRS and ORP ‘have a common membership pool.” This statement, while at least partially correct, is not the determining factor. The members of the two retirement plans are all teachers of a sort. But, it is because TRS and ORP are intertwined, and TRS still is reliant on ORP to remain actuarially sound, that Farrier may be classified as an inactive member of TRS and be denied present payment of his TRS retirement.
¶28 TRS and ORP are established in chapters 20 and 21 of Title 19, MCA. The law establishing the two plans connects one to the other, and creates a financial dependence between the two systems. Section 19-20-621(1), MCA, provides as follows:
Each employer within the university system with employees participating in the optional retirement program under Title 19, chapter 21, shall contribute to the teachers’ retirement system a supplemental employer contribution sufficient to amortize, by July 1, 2033, the past service liability of the teachers’ retirement system for the university system members.
¶29 Similarly, §19-21-203(5), MCA, provides as follows:
The board of regents shall make the supplemental contributions to the teachers’ retirement system, as provided in 19-20-621, to discharge the obligation incurred by the Montana university system for the past service liability incurred by active, inactive, and retired members of the teachers’ retirement system.
¶30 The connection between the two systems was established to protect against a projected inability of TRS to meet its obligations to remaining members when some teachers left to join ORP. This financial dependence of TRS on ORP is only a part of the overall scheme to keep TRS actuarially sound. The legislature also determined, when it created the two systems out of one, it was also necessary to assure the financial security of TRS. To achieve this, at least until 2033, a teacher situated like Farrier could not draw from TRS, depleting its assets. Both the contributions by the board of regents to TRS, and the inability of Farrier and other teachers to become retired members of the system while they are active members of ORP, were determined by the legislature to be necessary to assure *384 the actuarial soundness of TRS until 2033.
¶31 The two retirement systems are thus intertwined as TRS is still partially dependant on ORP. And, to this extent, the two retirement systems remain a single system which constitutes a class of employees that includes members of TRS and ORP. The legislature’s rational basis for this class is to protect the actuarial soundness of TRS.
¶32 As stated by the Court, statutes are presumed to be constitutional. Farrier has presented no proof that the legislature did not have a rational basis for determining that TRS must remain connected to ORP in order to remain actuarially sound. Thus, the members of these two retirement systems are members of a class that are treated similarly and Farrier’s equal protection argument must fail.
JUSTICE NELSON joins in the foregoing concurrence.